## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| 1. | **JERRY W. WOLF** | ) | |
| | | ) | |
| | **Plaintiff,** | ) | **CIV-13-**548-C |
| **v.** | | ) | |
| | | ) | **REPRESENTATIVE ACTION** |
| 1. | **WAL-MART ASSOCIATES, INC.** | ) | |
| | **d/b/a SAM'S CLUB a/k/a** | ) | |
| | **WAL-MART STORES, INC. a/k/a** | ) | |
| | **SAM'S EAST, INC.,** | ) | |
| | | ) | **ATTORNEY LIEN CLAIMED** |
| | **Defendant.** | ) | **JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiff, Jerry W. Wolf, on behalf of himself and others similarly situated, hereby submits this Complaint against Defendant Wal-Mart Associates, Inc. d/b/a Sam's Club a/k/a Wal-Mart Stores, Inc. a/k/a Sam's East, Inc. (collectively "Wal-Mart" or "Defendant"), on the following allegations:

### I.  INTRODUCTION

1.01    This is an individual and representative action brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (hereinafter "ADEA").  The Equal Employment Opportunity Commission (hereinafter "EEOC") has issued a right to sue letter to Plaintiff as further described herein.

1.02    The Defendant persistently discriminated against Plaintiff and other members of the prospective class who are over age forty (40), were long-term employees of Defendant, and who have been terminated from their employment with Defendant.  Such adverse

employment action targeted older workers protected from such age-based job actions by the ADEA (hereinafter the "prospective class").

1.03    Plaintiff and the prospective class also complain of class-wide adverse employment actions, including but not limited to wrongful terminations in violation of the ADEA.

## II.  JURISDICTION

2.01    Jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1367.  Plaintiff brings this representative action for himself and on behalf of others similarly situated pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act.

## III.  DEFENDANT

3.01    Defendant is registered to do business in Oklahoma and regularly conducts business within the geographical area encompassed by the United States District Court for the Western District of Oklahoma.

## IV.  PLAINTIFFS

4.01    Wolf was born in 1954, making him over the age of forty (40) at all times relevant hereto.  Wolf began his employment with Defendant on or about November 15, 2000 as an Assistant Pharmacy Manager at a Wal-Mart SuperCenter in Lawton, Oklahoma. Throughout his tenure (11+ years), Wolf was consistently recognized as an exemplary employee.  In or around 2003, Wolf received the Sam Walton Hero Award for his role in saving a child's life.  In or around 2004, Wolf was honored as Community Pharmacist of the

Year, an award bestowed on one pharmacist selected from all the pharmacists for Wal-mart nationally.  In or around 2007, Wolf was named the Community Pharmacist of the Year for his District.  Wolf also received numerous promotions.  In or around 2002, Wolf was promoted to Pharmacy Manager.  In or around 2005, Wolf became a Pharmacy Area Manager.  In or around 2009, Wolf was promoted to Pharmacy Market Manager for the Sam's Club Division of Wal-Mart Stores, Inc., overseeing a number of pharmacies within a market (f/k/a district).  And, on or about April 26, 2011, Wolf was promoted to Divisional Pharmacy Operations, Sr. Director (North) with the Sam's Club Division of Wal-Mart Stores, Inc., overseeing a number of pharmacies within a division which covered a significant geographical area.   Despite his decorated career and excellent performance, Wolf was wrongfully terminated from his employment on or about May 4, 2012 for a pretextual reason. Wolf was informed of his termination by Senior Director of Human Resources Kristy Tinsley (believed to be in her mid-30s) and Vice President Sam's Club U.S. Health & Wellness Operations and Compliance Jim Langman.  Wolf was told the reason for his termination was that he allegedly used a racial slur in the presence of other employees.   Wolf vehemently denied the allegations.  Despite his denial, Wolf was terminated.  At the time he was terminated, Wolf had not been previously disciplined in his more than eleven (11) years of employment with Defendant.  And, Wolf had not received an annual performance review during his employment that was less than satisfactory.  In fact, many of his evaluations rated Wolf as better than satisfactory.  And, on his final performance evaluation in or around

March 2012, Wolf received a satisfactory review.  Upon information and belief, Wolf was replaced by an individual believed to be in his late-thirties (30s), but, at a minimum, a person who is significantly younger than Wolf.  During his tenure, Wolf was instructed to find ways to force older employees out of their positions or terminate older employees.  On his first day at the Bentonville, Arkansas corporate office, Wolf was told by Langman that he needed to get rid of three (3) Market Managers, two (2) of which were believed to be over the age of fifty-five (55).  Langman indicated that these individuals were not accepting of new plans for the division and were not a good "fit" for future plans. On another occasion, Wolf was told by Langman that he had to "get rid of this old guy," referring to a Market Manager believed to be in his early-sixties (60s) who began his employment with Wal-Mart in or around 1986. And, Langman told another employee that Wolf was promoted to Divisional Manager to give the division a "heart transplant" and that Wolf would be "cleaning house." Upon information and belief, other long term, older employees have been forced out of their employment as well.

4.02    Sam's Club is a division of Wal-Mart Stores, Inc., which is an international retailer.  Plaintiff was Divisional Pharmacy Operations, Sr. Director for the North Division of Health & Wellness, overseeing pharmacies in the North Division.

4.03    Plaintiff was a target of and did witness Defendant discriminate against a broad group of experienced, competent employees over age forty (40).  Plaintiff was a target of and did witness Defendant's deliberate implementation of a plan to reduce their older workforce

and replace them with a younger workforce.  Plaintiff was a target of and did witness Defendant's routine termination of a number of experienced, longtime older employees. Plaintiff did witness Defendant's upper-level management systematically replace older employees with less experienced, younger employees.  Throughout the course of his employment, Plaintiff witnessed Defendant routinely subject employees over age forty (40) to unwarranted discipline.  Upon information and belief, Defendant unjustifiably used unwarranted discipline for forcing older employees out of employment, in an effort to reduce and restructure Defendant's workforce.

4.06   Defendant's incessant illegal conduct toward Plaintiff and other similarly situated employees is consistent with the contents of a 2005 Internal Memorandum entitled "Reviewing and Revising Walmart's Benefits Strategy," sent to the Board of Directors by Susan Chambers, Executive Vice President of the Global People Division for Wal-Mart Stores, Inc.[1]  The Internal Memorandum is attached hereto as Exhibit A.  Defendant's Internal Memorandum blames "unsustainable" benefit costs on an "aging workforce" and "increasing average tenure" of employees. Defendant's Internal Memorandum recommends that Defendant dissuade aging and unhealthy employees from working at Wal-Mart by "designing all jobs to include some physical activity."  Defendant's Internal Memorandum states that it is essential "to redesign benefits and other aspects of the associate experience,

_____

[1]Chambers oversees recruiting, training and retention initiatives for more than 2,000,000 (two million) Wal-Mart associates worldwide.  She is responsible for human resource technology, *culture change*, regulatory issues and benefits.

such as job design, to attract a healthier, more productive workforce." Upon information and belief, Defendant's upper-level management illegally implements the plans of Defendant's Internal Memorandum in order to force longtime, older employees out of work and to intentionally deprive older Wal-Mart employees of the opportunity to optimize the benefits available to them. The adverse employment actions occurred regardless of past work history and were merely pretext for unlawful discrimination.

## V. CLASS ACTION ALLEGATIONS

5.01    Plaintiff brings this action for age discrimination alleging unlawful termination on behalf of himself and members of the prospective class who worked for the Defendant. Upon information and belief, such unlawful conduct is continuing to occur. Plaintiff brings his Complaint pursuant to 29 U.S.C. § 216(b). Plaintiff is a member of the prospective class he seeks to represent, as the class members have also been subjected to willful age discrimination by Defendant, as described in this Complaint.

5.02    The class of persons sought to be represented by Plaintiff consists of all terminated employees who worked for Defendant for several years and were forty (40) years of age or older as of the last date of discriminatory actions taken against them. To the extent the Court declines to certify the Complaint as a single class, Plaintiff seeks certification of appropriate sub-classes to be determined by the Court.

5.03    Plaintiff timely filed an EEOC Charge of Discrimination against Defendant for age discrimination as described in detail above.  The EEOC has issued a "Notice of Suit Rights" to Plaintiff as described herein.

5.04    Plaintiff filed this action within the time prescribed by the Notice of Right to Sue.

5.05    This case should be certified as a class action because Plaintiff and all members of the prospective class were victims of the same age-motivated purge of employees within Defendant's workforce.  Upon information and belief, such unlawful conduct is continuing to occur.  Defendant pursued policies and practices which discriminated against employees forty (40) years of age and over including but not limited to: (1) subjecting Plaintiff and the employees within the prospective class(es) to wrongful terminations because of their age; (2) maintaining a policy or practice of issuing less favorable employment evaluations and disciplinary actions as a pretext for such adverse employment actions; (3) replacing such employees with significantly younger workers; and (4) maintaining a policy or practice of terminating Plaintiff and the prospective class because of their age.

5.06    Plaintiff's claims are representative of the prospective class as a whole because he was a long-term employee of Defendant, is over forty (40) years of age, was qualified to do his job, as are the members of the class, and was included in the age-motivated purge of employees carried out by Defendant.  Plaintiff's claim is, therefore, typical of the claims of the prospective class(es).  The relief sought by Plaintiff is also typical of the relief which is

sought on behalf of the prospective class(es).  In short, the Defendant's age-motivated purge of older employees was a scheme directed at Plaintiff and all members of the prospective class(es) and amounts to class-wide age discrimination.

5.07    Plaintiff and all prospective class members have been and are similarly adversely affected by the willful discriminatory practices complained of herein.  Specifically, Plaintiff's claims, like those of the prospective class members, arise out of Defendant's discriminatory terminations which were instituted and carried out on a class-wide basis.  As such, those members of the prospective class(es) who did not timely file EEOC Charges of Discrimination, if any, are allowed to "piggyback" on the Charges of Discrimination filed by Plaintiff and other class members who timely filed such a charge.

5.08    Defendant acted, refused to act, and continues to act on grounds generally applicable to the class by adopting and following policies, practices, and procedures which discriminate on the basis of age.  Defendant acted in a manner generally applicable to the class by: terminating Plaintiff and/or members of all prospective class(es) and replacing him with a significantly younger worker.

5.09    The relief necessary to remedy Plaintiff's claims is the same as that necessary to remedy the claims of the class(es).  Plaintiff seeks, *inter alia,* the following legal and equitable relief for their individual claims and those of the class:

        a)    a declaratory judgment that the Defendant engaged in willful age discrimination;

b)      back pay, front pay, and other incidental monetary rights and remedies necessary to make Plaintiff and the class members whole from the Defendant's discrimination;

c)      liquidated damages;

d)      costs of litigation and reasonable attorneys' fees, and

e)      any other applicable damages under the law.

## VI. COUNT I

6.01    The foregoing paragraphs I through V, and their respective subparagraphs, are incorporated by reference as though set out in full.

6.02    Defendant engaged in an industry affecting commerce and has twenty (20) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.  As such, Defendant is an "employer" as that term is defined under 29 U.S.C. § 630.

6.03    Defendant targeted employees age forty (40) or older who were long-term employees of Defendant in an effort to purge such individuals from their workforce.

6.04    Although Plaintiff and members of the prospective class(es) were and are all well-qualified for their positions which they had held, Defendant began to take adverse employment actions against such individuals based on pretextual reasons.  Such conduct included, but was not limited to poor performance evaluations, progressive discipline, and

ultimately terminations.  These actions were taken in order to purge older workers from Defendant's workforce.

6.05    Plaintiff and members of the prospective class received performance reviews during their employment with Defendant.

6.06    Throughout most of their employment, Plaintiff and members of the prospective class received at least satisfactory employment reviews and feedback..

6.07    Plaintiff and all members of the prospective class remain fully qualified for continued employment, for rehire or transfer into positions similar to the positions they formerly held or other available positions.

6.08    Defendant's adverse employment actions taken against Plaintiff and each member of the prospective class were part and parcel of a scheme to eliminate older workers from Defendant's workforce.  The discrimination against older employees, such as Plaintiff, constitutes a pervasive and continuing pattern of discrimination in employment.

6.09    The described conduct of Defendant constitutes a willful violation of the ADEA and other applicable state statutes and laws prohibiting age discrimination.

6.10    As a direct and proximate result of Defendant's conduct, Plaintiff and the prospective members of the class were denied equal employment opportunities based upon their age.  They are entitled to their full make-whole relief, including, without limitation, back pay, reinstatement or front pay, prejudgment interest, promotions, retroactive seniority,

enhanced benefits, liquidated damages, and any available punitive damages based on Defendant's intentional conduct.

6.11    Plaintiff and the prospective class members are entitled to an award of reasonable attorneys' fees, out of pocket expenses, and costs incurred in bringing and maintaining this action, as well as all other legal relief available.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff for himself and others, pray this Honorable Court:

(1)    Take jurisdiction of this matter;

(2)    Enter a declaratory judgment that Defendant has engaged in willful age discrimination;

(3)    Pursuant to the authority of the ADEA permanently enjoin Defendant, its officers, agents and representatives from future discriminatory acts relative to Plaintiff and the members of the class;

(4)    Award Plaintiff back pay, front pay, and other incidental monetary rights and remedies from the last date of discriminatory action to the date of trial;

(5)    Award Plaintiff liquidated damages against Defendant;

(6)    Award pre-judgment interest on all back pay;

(7)    Award Plaintiff's costs and expenses in this action, including reasonable attorneys' fees as authorized by law; and

(8)    Such other and further relief as the court deems just and proper.

Respectfully submitted,

s/Jana B. Leonard

**JANA B. LEONARD, OBA# 17844**
**SHANNON C. HAUPT, OBA #18922**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, Oklahoma  73139**
**(405) 239-3800       (telephone)**
**(405) 239-3801       (facsimile)**

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**