

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**
**OFFICE OF THE CLERK**
William J. Holloway, Jr. United States Courthouse
200 NW 4th Street, Room 1210
Oklahoma City, OK 73102
www.okwd.uscourts.gov
(405) 609-5050

CARMELITA REEDER SHINN
CLERK OF COURT

October 14, 2021

Jana Beth Leonard
Lauren W. Johnston
Shannon C. Haupt
Leonard & Associates PLLC
8265 South Walker Avenue
Oklahoma City, OK   73139

Ellen A. Adams
Sidney G. Dunagan
Gable & Gotwals-OKC
211 North Robinson Avenue
15th Floor
Oklahoma City, OK   73102

Amy M. Stipe
GableGotwals
BOK Park Plaza
499 West Sheridan, Suite 2200
Oklahoma City, OK   73102

   Re: <u>Wolf v. Wal-Mart Associates Inc.</u>, Case No. CIV-13-548-C

Dear Counsel:

  I have been contacted by Judge Robin J. Cauthron who presided over the above-mentioned case. Judge Cauthron informed me it has been brought to her attention that while she presided over the case, she owned stock in Walmart Inc. Her ownership of stock neither affected nor impacted her decisions in this case. Although Judge Cauthron did not enter any substantive orders because the parties settled this action, her stock ownership would have required recusal under the Code of Conduct for United States Judges. Thus, Judge Cauthron directed that I notify the parties of the conflict. Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what

relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified." With Advisory Opinion 71 in mind, you are invited to respond to Judge Cauthron's disclosure of a conflict in this case. Should you wish to respond, please submit your response to me on or before November 1, 2021. Any response will be considered by another judge of this court without the participation of Judge Cauthron.

Sincerely,

*Carmelita Reeder Shinn*

Carmelita Reeder Shinn